IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN GRIFFEE, | § § | |
| Plaintiff, | § § | |
| v. | § § | 3:18-cv-1026-M-BT |
| BLAKE M. OWENS, et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion to Remand (ECF No. 9) this civil action to the state court from which it was removed. For the following reasons, the District Court should GRANT the Motion and remand the case to state court.

## Background

This case arises out of a failed business relationship between Plaintiff Adrian Griffee ("Adrian") and Defendant Blake M. Owens ("Blake"). According to Plaintiff's Original Petition, Adrian and Blake each own 50% of A & B Diamonds of Dallas, LLC ("A & B"), a Texas limited liability company organized for the purpose of operating an adult night club in Dallas (the "Club"). Notice of Removal, Pl.'s Pet. 4, ¶ IV.1 (ECF No. 3). Adrian alleges that Blake conspired with others—including Defendants Danny Owens, Daniel Daxon Owens, and Azukita, Inc. ("Azukita")—to steal Adrian's 50% interest in the Club, as well as the payments due to Adrian by virtue of his ownership interest in the Club. *Id*. 9, ¶

1

25. More specifically, Adrian alleges that A & B entered into two contracts related to the Club's operation: (1) a lease agreement with Azukita for the Club premises, and (2) a property management agreement with Defendant Three Kings Management, LLC ("Three Kings") for the operation of the Club. *Id.* 5, ¶¶ 4-5.

Pursuant to the Club management agreement, Three Kings agreed to pay A & B $10,000 per month in exchange for 100% of the Club's gross revenue. *Id.* 5, ¶ 5. Danny Owens and Daniel Daxon Owens, who Adrian claims are neither members of A & B nor parties to the property management agreement, allegedly improperly participated with Three Kings in the operation of the Club. *Id.* 6, ¶ 6. Meanwhile, Three Kings allegedly failed to make the payments due to A & B under the Club management agreement. *Id.* 5, ¶ 5. Blake also allegedly caused A & B to terminate the lease agreement with Azukita, and Azukita allegedly denied Adrian access to the Club premises and to Adrian's personal property located at the Club. *Id.* 6, ¶¶ 7-8 & 7, ¶ 13. Adrian further avers that Blake improperly caused A & B to file dissolution documents with the Texas Secretary of State. *Id.* 6-7, ¶¶ 10-12. Based on this alleged wrongful conduct, Adrian filed a civil action in the 191st Judicial District Court for Dallas County, Texas, against Blake, Danny Owens, Daniel Daxon Owens, Azukita, and Three Kings asserting claims for (1) breach of contract, (2) tortious interference with an existing contract, (3) civil conspiracy, (4) conversion, and (5) breach of fiduciary duty. *Id.* 7-11, ¶¶ 14-31.

Defendants Azukita, Danny Owens, and Three Kings each filed an answer in state court. Blake, proceeding *pro se*, removed the lawsuit to federal court, asserting complete diversity exists between Adrian, a resident of Texas, and the three individual defendants, who are residents of Tennessee. Notice of Removal 1-2. Blake contends that Adrian improperly joined Azukita, a Texas corporation, and Three Kings, a Texas limited liability company, and thus, the citizenship of the entity defendants should be disregarded for purposes of determining complete diversity. *See id.* Contemporaneous with the removal notice, Blake also filed a motion to dismiss Azukita and Three Kings, arguing the two corporate entities were improperly joined to defeat diversity jurisdiction. *See* Def.'s Mot. 1 (ECF No. 5).

In response to the removal, Adrian filed a motion to remand arguing that Azukita and Three Kings are properly joined and that the removal is procedurally defective for several reasons, including the failure of the other Defendants to consent to the removal. Pl.'s Br. 1-2 (ECF No. 10). Danny Owens subsequently filed a notice of consent to removal. *See* Consent (ECF No. 11). Neither Azukita nor Three Kings has filed any consent to the removal. Defendant Daniel Daxon Owens has not appeared in the lawsuit. Adrian's Motion is ripe for consideration.

## Legal Standards

### Federal Jurisdiction and Removal

The jurisdiction of federal courts is limited. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). They possess "only that power authorized by Constitution and

3

statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant seeking to remove a case to federal court satisfies his burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court an action filed in state court if the action could have originally been filed in the federal forum. However, courts strictly construe § 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1332 creates federal subject matter jurisdiction where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355

4

F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery*, 243 F.3d at 919 (citation and internal quotations omitted).

Improper Joinder

A party alleging that a non-diverse defendant is improperly joined has the burden of demonstrating either: "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (emphasis in original). The burden of persuasion on a party claiming improper joinder is a "heavy one." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

Where, as here, there is no allegation of actual fraud concerning the fact that both the plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs*, 181 F.3d at 699. "To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable

5

basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant.'" *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Smallwood,* 385 F.3d at 573).

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." *Id*. at 575. If the Court finds a reasonable basis to predict that a plaintiff can potentially recover on any of the alleged causes of action, the Court must remand the entire case. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[E]ven a single valid cause of action against [non-diverse] defendants … requires remand of the entire case to state court.").

"To determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the … defendant.'" *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573). In performing this analysis, a court must consider the allegations in the state-court petition at the time of removal. *See id*. at 290, n.1. If, however, the plaintiff has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

Rule 12(b)(6) Standard

The federal pleading standard, not a state pleading standard, applies to determine whether a non-diverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 200-01. The "12(b)(6)-type analysis … is shorthand for the federal pleading standard itself … promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

In deciding a Rule 12(b)(6) motion, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins*

*Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573. Moreover, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## Analysis

Plaintiff's Original Petition alleges various causes of action against Azukita and Three Kings. Pl.'s Pet. 7-11, ¶¶ 14-31. The parties apparently agree that these defendants are Texas citizens for purposes of determining diversity jurisdiction. However, Blake argues the Court should disregard the Texas citizenship of these defendants for purposes of determining diversity because they are improperly joined. Def.'s Br. 1 (ECF No. 5). Simply stated, Blake disputes that Adrian can state a claim against either Azukita or Three Kings because Blake was authorized to cancel the lease and the Club management agreement. *Id*.

8

As an initial matter, the Court observes that the record is devoid of factual allegations sufficient to establish the citizenship of Three Kings, a Texas limited liability company. The citizenship of a limited liability company, for diversity jurisdiction purposes, is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). *See id.* The pleadings in this case fail to identify either the members of Three Kings or those members' citizenship. The Court need not dwell on this defect, because the pleadings sufficiently allege that Azukita is a Texas corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Adrian alleges the following causes of action against Azukita: (1) breach of contract for terminating the lease agreement without good cause and without Adrian's consent; (2) tortious interference with the Club management agreement by terminating the lease agreement; (3) conspiracy to steal his 50% interest in the Club; and (4) conversion. Pl.'s Pet. 7-10, ¶¶ 14-28. With respect to the conversion claim, Adrian specifically alleges Azukita has denied him access to the Club since

9

it terminated the lease agreement and refuses to allow him to retrieve personal property located inside the Club belonging to him and to A & B. *Id.* 10, ¶ 28. Azukita also allegedly exercises dominion and control over Adrian's personal property and has converted the property to its own use, using the property in the day-to-day operations of the Club. *Id.*

Under Texas law, conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Bandy v. First State Bank, Overton*, 835 S.W.2d 609, 622 (Tex. 1992); *Tripp Vill. Joint Venture v. MBank Lincoln Ctr., N.A.*, 774 S.W.2d 746, 750 (Tex. App.—Dallas 1989, writ denied). Wrongful intent is not an element of conversion. *Killian v. Trans Union Leasing Corp.*, 657 S.W.2d 189, 192 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). Rather, conversion is complete when a person unlawfully and wrongfully exercises dominion and control over property of another to the exclusion of or in defiance of the right of possession of the owner. *P & T Mfg. Co., Inc. v. Exch. Sav. & Loan Ass'n*, 633 S.W.2d 332, 333 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).

Blake cursorily argues that Adrian has failed to set forth sufficient facts to support his conversion claim. Def.'s Br. 1. But Adrian has alleged that Azukita has barred him from the Club and denied him access to his personal property located inside the Club. Pl.'s Pet. 10, ¶ 28. Adrian further alleges that Azukita is using his personal property in the operation of the Club. *Id.* Contrary to Blake's argument,

10

these alleged facts are sufficient to state a claim for conversion and show there is a reasonable basis to predict that Adrian might recover against Azukita.

Because Adrian's allegations are sufficient to establish a reasonable basis to predict that he might recover against Azukita on at least one claim alleged in the Petition, Azukita was not improperly joined. Azukita's Texas citizenship thus destroys diversity, and this case must be remanded to state court. *Gray*, 390 F.3d at 412 (holding that a single valid cause of action against a non-diverse defendant destroys diversity).

## Attorneys' Fees and Costs

As part of his motion to remand, Adrian requests an award of attorneys' fees and costs incurred because of Blake's removal. Pl.'s Br. 3. Title 28 U.S.C. § 1447(c) provides that "order[s] remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees and costs are generally awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). An award of attorneys' fees and costs under 28 U.S.C. § 1447(c) is within the Court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). While the undersigned has determined this case should have not been removed, it does not find that Blake lacked an objectively reasonable basis for seeking removal. Further, in view of Blake's *pro se* status and in the interest of justice, the undersigned recommends the District Court exercise its discretion to not award

11

attorneys' fees and costs to Adrian. *See Fed. Nat. Mortg. Ass'n v. Elliott*, 2010 WL 4627833, at *5 (N.D. Tex. 2010) (mem. op.) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se*).

## Recommendation

The District Court should GRANT Plaintiff Adrian Griffee's Motion to Remand (ECF No. 9) and remand this civil action to the state court from which it was removed.

**SO RECOMMENDED**.

November 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

      The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).